**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

NATIONAL UNION FIRE INSURANCE COMPANY                          PLAINTIFF

v.                                                                    Civil Action No. 3:04-cv-340WS

MISSISSIPPI INSURANCE GUARANTY ASSOCIATION                   DEFENDANT

**ORDER**

      Before the court is the motion of the Mississippi Insurance Guaranty Association ("MIGA"), to assess costs and expenses in MIGA's favor and against National Union Fire Insurance Company ("NUFIC") in the amount of $160,226.79 [**Docket No. 31**]. These costs and expenses, says MIGA, were incurred in providing a defense to NUFIC's insured, one Edwin Orr, M.D.

      MIGA notes that on March 27, 2006, this court entered summary judgment in favor of MIGA, holding that NUFIC was primarily responsible to provide a defense and indemnity to Dr. Orr in the case of *Kathleen Wright v. Senatobia Community Hospital*, et al., Circuit Court of Coahoma County, Mississippi, Cause No. 14-CI-99-0019 (the "Wright Case"). This court's final judgment entered on the same date awarded costs to MIGA. MIGA also asks this court to assess attorney fees. The affidavit of Arthur Russell, the Claims Manager for MIGA, says that MIGA has spent the amount requested. MIGA submits two affidavits, one from Clifford C. Whitney, an attorney in Vicksburg, Mississippi, who says that the requested amount is fair and reasonable, and

1

a second from Tommie G. Williams, a Greenwood, Mississippi, attorney who says the same. A supplemental affidavit of Arthur Russell states that the *Wright* case has been settled and that no more costs and expenses are expected to be incurred in that case.

## MIGA'S COST BILL

On April 26, 2006, MIGA submitted a Bill of Costs document requesting nothing but attorney fees in the amount of $160, 226.79. No costs recognized by Title 28 U.S.C. § 1920 are set forth in the cost bill. Title 28 U.S.C. § 1920 sets out the costs taxable to a losing party, namely: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case;" (3) fees for printing and witnesses; (4) fees for exemplification and copying "of papers necessarily obtained for use in the case;" (5) docket fees; and (6) compensation of court-appointed experts and interpreters. Attorney's fees are not recoverable under section 1920. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759, 100 S.Ct. 2455, 2460, 65 L.Ed.2d 488 (1980). Rule 54(d)(1)[1] of the Federal Rules of Civil Procedure allows federal courts to award costs, other than attorneys' fees, to a prevailing party except where a statute or other court rule expressly provides therefor. Such costs, however, must be authorized by the applicable statutes. *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987).

Inasmuch as no authorized costs are listed in MIGA's motion to assess costs,

---

[1]Title 28 U.S.C. Rule 54 (d)(1) provides in pertinent part that, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

none may be awarded pursuant to MIGA's motion to assess and this motion [**Docket No. 31**] must be denied.

On June 2, 2006, MIGA submitted a brief which urged the court to proceed with the award of costs [**Docket No. 31**], notwithstanding that the case had been noticed for appeal to the United States Court of Appeals for the Fifth Circuit. This brief supported a motion to amend MIGA's previous motion for an award of costs and to submit authority concerning the applicability of Title 28 U.S.C. § 2202 [**Docket No. 44**]. This motion is terminated as moot.

Finally, NUFIC has filed a motion to strike MIGA's status report or, in the alternative, to be granted time to respond [**Docket No. 50**]. The status report from MIGA, which is dated December 3, 2008, informed the court that the Fifth Circuit had affirmed this court's ruling in MIGA's favor[2]. MIGA once again asks for an award of costs. Inasmuch as the court has denied MIGA's motion to assess costs because the costs it seeks are unauthorized, the motion to strike offered by NUFIC also is moot and is hereby terminated.

## **CONCLUSION**

This court withheld ruling on the matters of costs and attorney fees until after the Fifth Circuit's determination on appeal. Now, this court directs that MIGA present its cost bill under Title 28 U.S.C. § 1920, seeking only those taxable costs recognized by the statute.

MIGA now may also submit its motion for attorney fees in accordance with the

---

[2]The Fifth Circuit issued its Judgment as Mandate on December 12, 2008, remanding the case for any further proceedings as may be required.

rules of this court. Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure requires that claims for attorneys' fees must be made by separate motion to the district court. *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996). MIGA also should consult the 1998 edition of this court's Local Rules, specifically Rule 54.2. Upon submission of a proper motion for attorney fees, and a response thereto, this court shall engage in the well-established process, first by calculating a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. V. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court then shall consider whether the lodestar figure should be adjusted, guided in part by the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), as well as considerations of reasonableness and fairness.

**SO ORDERED, this the 18th day of March, 2010.**

                                          **s/ HENRY T. WINGATE**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

Civil Action No. 3:04-cv-340WS
Order